UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRENTON JORDAN,
a/k/a KEISHA,                                              Case No. 1:10-cv-598

       Plaintiff,                                        Beckwith, J.
                                                          Bowman, M.J.

   v.

MS. WOODS, et al.,

       Defendants.

**REPORT AND RECOMMENDATION**

On September 2, 2010, Plaintiff, a prisoner proceeding *pro se*, filed suit against multiple defendants pursuant to 42 U.S.C. §1983, alleging that the defendants violated his civil rights while he was incarcerated at the Lebanon Correctional Institution. On September 9, 2010, the presiding district judge dismissed claims against two of the named defendants pursuant to 28 U.S.C. §1915(e)(2) and §1915A on grounds that the referenced claims were frivolous. However, the court permitted Plaintiff to proceed against Defendants Woods and Huffman and issued summons on Plaintiff's behalf against those Defendants. (Docs. 4, 5).

On November 15, 2010, before Defendants filed an answer, Plaintiff filed a "motion to file criminal charges." Plaintiff's motion alleges that his previously filed §1983 action "does support Ohio Revised Code Violations by defendant's [sic] Ms. Woods and Mr. Huffman in their individual capacities-not-in their official capacities against the plaintiff Mr. Trenton Jordan on the criminal offense of complicity to felonious assault." (Doc. 9 at 1).

The Plaintiff states that in addition to seeking judgment against the Defendants in their individual capacities, he seeks "an [indictment] charging Ms. Woods and Mr. Huffman in their individual capacities-not-in their official capacities with felonious assault-or-complicities to commit felonious assault in connection with the fatal[1] beating of the Plaintiff at the hands of his cellmate (Mr. Rosemond)." (*Id.* at 2).

Plaintiff's complaint already alleges that the named Defendants are liable in their "individual capacities-not-in their official capacities" (Doc. 3 at 16). Therefore, the present motion is not construed as a motion to amend Plaintiff's complaint to allege new claims against Defendants in their individual capacities.

To the extent that Plaintiff seeks to file criminal charges against Defendants, this court lacks jurisdiction to institute such charges either pursuant to 42 U.S.C. §1983 or any other authority. A civil litigant has no private right of action under a criminal statute. *See, e.g, United States v. Oguaju*, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502 (2d Cir. 1994). Criminal actions in the federal courts are initiated by the United States Attorney. 28 U.S.C. §547; Fed.R.Crim. P. 7(c).

Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's motion to file criminal charges (Doc. 9) be **DENIED**.

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

---

[1] The court assumes that Plaintiff intended to allege "near-fatal," given that Plaintiff's signature appears on this and subsequent documents filed in the record.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TRENTON JORDAN,
a/k/a KEISHA,                                             Case No. 1:10-cv-598

      Plaintiff,                                        Beckwith, J.
                                                         Bowman, M.J.

      v.


MS. WOODS, et al.,

      Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).