**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TRENTON JORDAN,
a/k/a KEISHA,                                              Case No. 1:10-cv-598

      Plaintiff,                                    Beckwith, J.
                                                    Bowman, M.J.

v.

MS. WOODS, et al.,

      Defendants.

**REPORT AND RECOMMENDATION**

**I. Background**

On September 2, 2010, Plaintiff, a prisoner proceeding *pro se*, filed suit against multiple defendants pursuant to 42 U.S.C. §1983, alleging that the Defendants violated his civil rights while he was incarcerated at the Lebanon Correctional Institution. (Doc. 3). Plaintiff's complaint generally alleges that the Defendants moved him to a new cell, and failed to protect him from assault by his new cellmate, after the cellmate professed hatred for homosexuals. Plaintiff alleges that he is a known homosexual.

On September 9, 2010, the presiding district judge dismissed claims against two of the named Defendants pursuant to 28 U.S.C. §1915(e)(2) and §1915A on grounds that the referenced claims against those Defendants were frivolous. (Doc. 4). However, the court permitted Plaintiff to proceed against Defendants Woods and Huffman and issued summons on Plaintiff's behalf on Plaintiff's Eighth Amendment "failure to protect" claim. (Docs. 4, 5). Both Woods and Huffman are employees of the Ohio Department of

Rehabilitation and Correction ("ODRC"), and are employed at the Lebanon Correctional Institution.

Prior to the date that Defendants filed an answer, Plaintiff filed a "motion to file criminal charges,""an [indictment] charging Ms. Woods and Mr. Huffman ... with felonious assault-or-complicities to commit felonious assault" in connection with the alleged assault by Plaintiff's cellmate. (Doc. at 2). On February 16, 2011, the undersigned recommended the denial of Plaintiff's motion seeking a criminal indictment against Defendants. (Doc. 18). That Report and Recommendation was adopted by the presiding district judge on March 20, 2011. (Doc. 21).

Discovery closed on December 30, 2011, and Defendants filed a timely motion for summary judgment on January 31, 2012.[1] Plaintiff filed a response in opposition to that motion, to which Defendants have filed a reply. I now recommend that Defendants' motion be granted.

**II. Analysis**

**A. Exhaustion Under the PLRA**

The Prison Litigation Reform Act of 1995 ("PLRA") requires prisoners bringing civil rights claims in federal court to exhaust all available administrative remedies prior to filing suit in federal court:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

---

[1] Defendants also have filed a motion to stay, seeking leave to file a second motion for summary judgment at a later date, should the instant motion be denied.

2

*Jones v. Bock*, 549 U.S. 201, 204 (2007). It is well settled that "exhaustion is mandatory under the PLRA and unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211 (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

Ohio prisoners must comply with the inmate grievance procedure set forth at Ohio Admin. Code § 5120-9-31. Ohio's grievance procedure is comprised of three consecutive steps. First, an inmate must file an informal complaint within fourteen calendar days of the event giving rise to the complaint. Second, if the inmate is dissatisfied with the response to the informal complaint, the inmate must file a notification of grievance with the inspector of institutional services within fourteen calendar days from the date of the informal complaint response. *See* O.A.C. §5120-9-31(K)(2). Finally, if the inmate is dissatisfied with the disposition of the grievance, a request for appeal must be filed to the office of the chief inspector within fourteen days of the disposition of the grievance. In general, the chief inspector's office must respond to the appeal within thirty days. However, the chief inspector may extend the time in which to respond to the notification of grievance and appeal "for good cause, with notice to the inmate." *See* Ohio Admin. Code §§ 5120-9-31(K)(1)-(3). Defendants have provided evidence that all inmates in the custody of the ODRC are "given both written and oral instructions on how to use the inmate grievance procedure...as required by Ohio Admin. Code 5120-9-31(C)." (Doc. 26-1 at ¶7).

Although Plaintiff filed an administrative grievance in this case, Defendants argue that they are entitled to summary judgment on grounds that Plaintiff did not "properly"

exhaust his administrative remedies. Specifically, Defendants contend that Plaintiff's claim is subject to dismissal because his administrative grievance was denied as untimely. In *Woodford*, the Supreme Court held that in order to *properly* exhaust their administrative remedies, prisoners "must complete the administrative review process in accordance with the applicable procedural rules, including deadlines" as defined by the prison grievance process. *Woodford*, 548 U.S. at 88. "In a claim by a prisoner, failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Jones*, 549 U.S. at 204). In the instant case, the Defendants have established that Plaintiff's complaint is subject to dismissal because he failed to comply with the deadline required in the second step of the three-step process, by filing a notice of grievance appeal within fourteen calendar days as prescribed for a timely appeal.

Plaintiff alleges that he was attacked by his cellmate on December 30, 2009. There is no dispute that Plaintiff complied with the first step of the grievance procedure by filing an informal written grievance within fourteen calender days of the alleged assault, on January 12, 2010. Plaintiff has attached a copy of his informal complaint to his response to Defendants' motion. (Doc. 28-1 at 1-2).

Plaintiff also has submitted evidence that his informal grievance was denied in writing on January 20, 2010. (Doc. 28-1 at 2). However, Defendants assert that Plaintiff did not appeal that denial by filing a "Notification of Grievance" ("N.O.G.") in compliance with the second step until February 9, 2010 - a full 20 calendar days after the original denial, rather than within 14 calendar days as required. Consequently, the record reflects

4

that on February 11, 2010, Plaintiff's Notification of Grievance was denied as "untimely." (Doc. 28-1 at 4; *see also* Doc. 26-1, Defendants' Exhibit A, Assistant Chief Inspector Declaration, ¶¶5, 8; Doc. 26-2, Defendants' Exhibit B, Institutional Inspector Declaration ¶3).

On February 20, 2010, Plaintiff attempted to appeal that denial to the Chief Inspector, pursuant to the third step of the grievance procedure. However, the denial of Plaintiff's grievance was affirmed on March 26, 2010. (Doc. 26-2 at ¶3). The Institutional Inspector avers that when the Chief Inspector's Office "affirms" the denial of a grievance by the institutional inspector, "it is affirmed on the same basis as asserted by the institutional inspector," which in this case was untimeliness. (Doc. 26-2 at ¶3).[2]

Plaintiff presents two arguments in response to Defendants' motion. First, Plaintiff argues that the PLRA "contains exception [to the procedural exhaustion requirements] for good cause...when a Hate Crime is without a statute of limitations." (*See* Doc. 28 at 2). Second, Plaintiff contends that "the Notification of Grievance was timely filed. . .." (Doc. 28 at 3).

Plaintiff's first argument is easily addressed. Although the PLRA does permit tolling for good cause, Plaintiff cites to no case law, and this Court has discovered none, that would permit automatic tolling whenever the alleged violation of civil rights concerns a "hate

---

[2]The March 26, 2010 denial of the appeal attached to Plaintiff's response inexplicably contains some discussion about an apparently unrelated complaint or grievance concerning loss or damage to Plaintiff's personal property, *see* Doc. 28-1 at 6. When prison officials consider an otherwise-defaulted claim on the merits, a federal court generally will do likewise. *See Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010). However, on the facts presented, the denial of the grievance by the Chief Inspector specifically affirms the decision of the Institutional Inspector, which was based on timeliness. In addition, Defendants have submitted a Declaration that avers the affirmance was based upon the earlier denial of the N.O.G. as untimely.

5

crime." Therefore, Plaintiff has offered no basis for tolling the applicable administrative limitations period in this case.

Plaintiff's second argument requires greater discussion, but is equally unavailing. Plaintiff alleges that he filed the appeal of the denial of his informal grievance on February 8, 2010, rather than on February 9, 2010 as Defendants assert. Having reviewed the documentation submitted by both parties, the Court agrees that there is at least an issue of fact concerning whether Plaintiff submitted his N.O.G. on February 8, 2010, rather than on February 9, 2010 as claimed by Defendants. However, even assuming that Plaintiff submitted his N.O.G. on February 8, (*see* Doc. 28-1 at 3), that date is still 5 days outside of the 14 calendar day limitation period set forth in O.A.C. §5120-9-31(K)(2). Thus, there is no issue of *material* fact that Plaintiff filed his appeal of the denial of his informal grievance - the second step of the administrative grievance process- in an untimely manner.

Plaintiff further argues that he complied with the third step of the administrative grievance process by filing a final appeal with the Chief Inspector within fourteen calendar days of the denial of his N.O.G. as untimely. (Doc. 28 at 3). Plaintiff points out that the denial at the second step was dated February 11, 2010, and Plaintiff filed his last appeal on February 20, 2010 - well within the fourteen day period prescribed for that final appeal. However, the fact that Plaintiff complied with the time limits of the third step of the grievance process does not excuse his failure to comply with the second step of the process.[3] Accordingly, Plaintiff failed to properly exhaust his administrative remedies prior

---

[3] In his response to Defendants' pending motion before this Court, Plaintiff does not argue any basis for extension of the 14-day period, other than that he filed his appeal on February 8, 2010, and that tolling

6

to filing suit and his complaint is subject to dismissal on that basis. *See also generally Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009)(holding that prisoner's claim was not properly exhausted under *Woodford*, 548 U.S. at 90-93, where it was denied as untimely at administrative level).

### B. Qualified Immunity

As a second basis for summary judgment, Defendants briefly argue that they are entitled to qualified immunity. I find it unnecessary to reach this argument based upon my conclusion that Plaintiff's suit is subject to dismissal for failure to properly exhaust his administrative remedies. However, to the extent that any reviewing court would find it necessary to reach the merits of Defendants' qualified immunity defense, I would alternatively recommend that the motion seeking application of qualified immunity be denied.

A governmental official is entitled to immunity if the facts alleged do not make out a violation of a constitutional right, or if the alleged constitutional right was not clearly established at the time of the defendant's alleged misconduct. *Pearson v. Callahan*,129 S.Ct. 808 (2009). When a defendant moves for summary judgment based on qualified immunity, the official must first show that he/she acted within discretionary authority. *Gardenhire v. Schubert*, 205 F.3d 303, 311 (6th Cir. 2000). Once an official makes this showing, the burden shifts to the plaintiff to prove that the officer violated a right so clearly established that any reasonable official in that position would have understood it was

---

should be available for hate crimes. However, in Plaintiff's written appeal to the Chief Inspector of the denial of his N.O.G. as untimely, Plaintiff asserts in part that he had asked for an N.O.G. form on more than one occasion, but did not receive that form until January 29, 2010. (Doc. 28-1 at 5). Because that date was within the 14-day time period for further appeal, Plaintiff's own evidence reflects that he received a blank N.O.G. form in sufficient time to comply with the limitation period.

unreasonable to engage in the conduct that violated the right. *Id*. In this case, Plaintiff has made no claim that Defendants were acting outside their authority, so the burden falls on Plaintiff to overcome the qualified immunity defense.

However, in this case Plaintiff has made a preliminary showing that Defendants violated a clearly established constitutional right under the Eighth Amendment. In *Farmer v. Brennan*, 511 U.S. 825, 833 (1994), the Supreme Court held that "prison officials have a duty to protect prisoners from violence" under the Eighth Amendment. As with other claims brought under the Eighth Amendment, the prisoner must prove both an objective and subjective component of his "failure to protect" claim. First, under the objective component of the claim, the plaintiff must show that he was "incarcerated under conditions posing a substantial risk of serious harm" *id*., 511 U.S. at 834. Second, under the subjective component, the court examines the defendant's state of mind to determine whether he acted with "deliberate indifference" equivalent to an intent to punish inmate health or safety. *Id.; see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988).

The Defendants have submitted no particular evidence, in the form of affidavits or otherwise, that this Court might review to determine the applicability of their qualified immunity defense. With no contrary evidence having been filed by Defendants, the Court is left with Plaintiff's allegations. Plaintiff alleges that he informed Defendants of an imminent threat and danger to his safety from his new cellmate, that Defendants refused to move him out of harm's way, and that he was thereafter brutally assaulted by the same cellmate. Because these alleged facts are uncontradicted on the record presently before

8

this Court, the Defendants would not appear to be entitled to qualified immunity.

### III. Conclusion

As discussed, the Court finds that Plaintiff failed to properly exhaust his administrative remedies prior to filing the instant action, as required by the PLRA. Defendants' motion for summary judgment (Doc. 26) should be **GRANTED** on this basis alone, without reaching the issue of qualified immunity. In the alternative and to the extent that the argument is necessary to address, I recommend denial of qualified immunity at this time. In light of this Report and Recommendation, Defendants' motion to stay (Doc. 27) also should be **DENIED** as moot.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRENTON JORDAN,
a/k/a KEISHA,

    Plaintiff,

v.

MS. WOODS, et al.,

    Defendants.

Case No. 1:10-cv-598

Beckwith, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).