```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

Trenton Jordan,                :   Case No. 1:10-cv-598
                               :
    Plaintiff,             :
                               :
vs.                            :
                               :
Ms. Woods, et al,              :
                               :
    Defendants.            :

**ORDER**

Before the Court are Plaintiff's objections to the Report and Recommendations of the Magistrate Judge. (Doc. 33) In her Report, the Magistrate Judge recommended that Plaintiff's complaint under 42 U.S.C. §1983 be dismissed because he failed to properly exhaust the Ohio prison system's grievance procedure prior to filing suit. For the following reasons, the Court agrees with this recommendation.

**FACTUAL BACKGROUND**

Plaintiff Trenton Jordan, a/k/a Keisha, is incarcerated in an Ohio prison, and is an acknowledged homosexual. Proceeding pro se in this case, his complaint alleges that the Defendants, correctional officers at the Lebanon Correctional Institution, did not remove him from a cell after Jordan complained that his cellmate hated homosexuals. After he complained, his cellmate assaulted him. He alleges that the Defendants, correctional officers Woods and Huffman, failed to protect him from harm, as

-1-

the officers knew that Jordan was a homosexual and had been told about his cellmate's prejudices.

After preliminary motions and discovery, Defendants filed a motion for summary judgment. (Doc. 26) They argue that Jordan failed to properly exhaust his administrative remedies, which requires dismissal of his Section 1983 claims. They also contend that they are entitled to qualified immunity. The Magistrate Judge found that Jordan filed an initial grievance complaint after the incident involving his cell mate, but that he failed to timely appeal the denial of that initial grievance.

Under applicable sections of the Ohio Administrative Code, an inmate must file his initial grievance complaint within fourteen calendar days of the event that gives rise to the complaint. Jordan complied with this deadline. If the initial grievance is denied, as occurred here, an inmate must file a notice of formal grievance with the Inspector of Institutional Services at his facility within fourteen calendar days of the initial written denial. If the Institutional Inspector denies the appeal, the inmate must then appeal to the Office of the Chief Inspector within fourteen days of that denial. The Chief Inspector's final action on a grievance exhausts the prison system's remedies, and the inmate may then file a complaint in court.

The record establishes that Jordan filed his initial

informal grievance on January 12, 2010, within fourteen days of the incident with his cellmate which he alleges occurred on December 30, 2009. His initial grievance was denied in writing on January 20, 2010. Jordan admits that on January 29, 2010, he received a copy of the written form with which to lodge his second-stage appeal with the Institutional Services Inspector, called a "Notification of Grievance." But Jordan's notification form was not filed until February 8 or 9, 2010, more than 14 days after the January 20 initial denial. The Inspector denied his grievance appeal two days later on February 11, because it was untimely. Jordan then appealed to the Chief Inspector on February 20, within fourteen days of the denial, but the Chief Inspector affirmed the denial of the grievance. The record includes the uncontroverted affidavit of Daniel Hudson, who is the Institutional Inspector at the institution where the events at issue took place. Hudson states that he denied Jordan's appeal because it was untimely, and that when the Chief Inspector "affirms" his decision, the Chief Inspector agrees with and adopts the findings of the Institutional Inspector.

Under the Prison Litigation Reform Act ("PLRA"), Jordan is required to exhaust all available administrative remedies, including the grievance procedures described above, prior to filing a civil rights action in federal court. Jones v. Bock, 549 U.S. 201, 204 (2007). See also Woodford v. Ngo, 548 U.S. 81,

85 (2006), noting that exhaustion of remedies is mandatory. The Magistrate Judge cited Scott v. Ambani, 577 F.3d 642, 647 (6th Cir. 2009), affirming the dismissal of an inmate's Section 1983 claims because his prison grievance had been denied as untimely.

Jordan objects to the Magistrate Judge's conclusion, contending that he should be excused from the exhaustion requirement because prison officials thwarted his attempts to properly exhaust his grievance. Neither Jordan's objections nor any of his pleadings set forth any facts suggesting that any official interfered with his exercise of rights under the grievance system. The Court cannot discern any basis for such an inference being drawn. Jordan admits that he received the necessary form to file his second stage appeal on January 29, well within his fourteen-day window. Jordan cites Reynolds v. Smith, 2012 U.S. Dist. LEXIS 12111 (S.D. Ohio, February 1, 2012), denying a Rule 12(b)(6) motion to dismiss filed by a corrections officer sued by an inmate after he sexually assaulted the inmate. The district court found that the inmate "... followed the instructions she was given to report this type of abuse. She met with prison staff and reported her allegations. She was given no indication that she had not properly filed a grievance despite repeated interactions with prison staff regarding her complaints. Whether or not plaintiff's lack of compliance with the exhaustion requirement is excused is a question of fact, and it is

-4-

premature, at this stage of the proceedings, to make that determination." Id. at *12-13.  This case does not assist Jordan.  The Defendants have moved for summary judgment under Rule 56, and the facts are not in dispute.  Jordan has not alleged facts suggesting that anyone interfered with his pursuit of his grievance, as did the plaintiff in Reynolds.  Indeed, it is clear that he knew how to pursue a grievance and timely initiated it within 14 days of the incident.

Jordan also suggests that he is entitled to tolling because he was the victim of a hate crime, and state officials have not instituted criminal proceedings against his cellmate or the officers who placed him in that cell.  He suggests that the United States should seek an indictment or criminal information against these individuals, and that the deadlines for exhausting his prison grievances should have been tolled until such charges are filed.

Whether or not Jordan was the victim of a hate crime, and any decision that may be made by state or federal prosecutors to pursue criminal charges based on the incident, are not relevant to the determination of whether or not Jordan properly exhausted his administrative remedies prior to bringing this civil rights claim.  Jordan also suggests that there should be a tolling exception for civil rights cases based on "good cause."  The PLRA specifically requires complete exhaustion for claims for civil

rights violations brought under Section 1983. The Court cannot create an exception for Jordan that would contravene the clear requirements of that statute and Supreme Court precedents cited above. A general assertion of "good cause" is not sufficient.

The Court therefore agrees with the Magistrate Judge's conclusion that Jordan failed to properly exhaust his prison grievance remedies, a pre-condition to his lawsuit. Defendants are therefore entitled to entry of judgment on that basis. Given this conclusion, the Court need not address the issue of qualified immunity also raised by the Defendants.

As required by 28 U.S.C. §636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of the record in this case. Upon such review, the Court finds that Jordan's objections to the Magistrate Judge's Report are not well taken, and are therefore overruled. The Court dismisses Jordan's complaint against the Defendants.

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3) that an appeal of this Order would not be taken in good faith, and denies Powell leave to appeal in forma pauperis. See Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

THIS CASE IS CLOSED.

DATED: May 17, 2012          s/Sandra S. Beckwith
                             Sandra S. Beckwith
                             Senior United States District Judge